# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ADRIAN SWITZER and<br>MICHELLE SWITZER,<br><br>    Plaintiffs,<br><br>v.<br><br>TYSON FARMS, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:21CV585 |

## RECOMMENDATION OF UNITED STATES MAGISRATE JUDGE

This matter is before the Court upon Plaintiffs' Motion to Amend Complaint. (Docket Entry 14.) This matter is ripe for disposition. For the following reasons, the undersigned will recommend denying Plaintiffs' Motion to Amend.

## I. BACKGROUND

Plaintiffs Adrian Switzer and Michelle Switzer (collectively "Plaintiffs") initiated this action in the Superior Court of Forsyth County, North Carolina on April 22, 2021. (Docket Entry 3, Complaint ("Compl.").) Plaintiffs' Complaint brings against their former employer, Defendant Tyson Farms, Inc. ("Defendant"), claims of discrimination on the basis of race and religion and retaliation in violation of Title VII. (*See id.*) On July 16, 2021, Defendant removed the case to this Court. (Docket Entry 1.) After an extension of time, Defendant answered Plaintiffs' Complaint on August 13, 2021. (*See* Text Order entered 07/21/2021; Docket Entry 8.) The parties filed a Joint Rule 26(f) Report with the Court on September 16, 2021 (Docket Entry 10) and that report was adopted with modifications (Docket Entry 12). The scheduling

order provides that "Plaintiff should be allowed until October 1, 2021, to request leave to join additional parties or amend pleadings" and that after this date, "the Court will consider, *inter alia*, whether granting of leave would delay trial." (Docket Entry 10 at 4-5.) On October 19, 2021, Plaintiffs filed their motion to amend with the Court, seeking to add a cause of action under § 1981. (Docket Entry 14 ¶¶ 8-9.) Defendant responded in opposition, asserting that Plaintiffs do not have good cause to amend and are not entitled to amend under Rule 15. (Docket Entry 15.) Plaintiffs filed a reply brief. (Docket Entry 16.) Plaintiffs' motion is now ripe.

## II. DISCUSSION

When a plaintiff seeks to amend the complaint after the deadline for amendments has passed, they must meet two requirements for the Court to grant their motion. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). First, the plaintiff must make a showing of good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b). *Belcher v. W.C. English Inc.*, 125 F. Supp. 3d 544, 548 (M.D.N.C. 2015); *see also Nourison Rug Corp.*, 535 F.3d. at 298. Second, even if the plaintiff meets the more rigorous good cause standard, they can only amend the pleadings if the Court grants them leave to amend or by consent under Federal Rule of Civil Procedure 15(a). *DeWitt v. Hutchins*, 309 F. Supp. 2d 743, 748 (M.D.N.C. 2004).

Before applying these standards here, the Court must determine whether Plaintiffs' motion to amend was untimely and requires analysis under the good cause standard. Defendant asserts that the scheduling order set the deadline for Plaintiffs to amend as October 1, 2021. (Docket Entry 15 at 1-5.) Plaintiffs contend that because the scheduling order

2

provides that "[a]fter [the amendment deadline set by the scheduling order], the court will consider, *inter alia*, whether the granting of leave would delay trial," Plaintiffs' amendment is not precluded by the scheduling order and Plaintiffs should not be held to the good cause standard. (Docket Entry 16 at 2 (quoting Docket Entry 10 at 5).) In *Halpern v. Wake Forest University Health Sciences*, the Court's scheduling order set the deadline to amend as October 30, 2009 and provided that after this deadline "the court will consider whether the granting of leave would delay trial." 268 F.R.D. 264, 266 (M.D.N.C. 2010). When the plaintiff sought to amend the complaint after October 30, 2009, the Court determined that the plaintiff was seeking leave to amend and held the plaintiff to the good cause standard. *Id.* Here, as in *Halpern*, the undersigned determines that Rule 16(b) requires Plaintiffs to make a showing of good cause to modify the scheduling order where Plaintiffs filed their motion to amend after the October 1, 2021 deadline set by the scheduling order.

Next, the Court examines whether Plaintiffs have shown good cause to modify the scheduling order. A court may find good cause where a plaintiff exercising reasonable diligence would not have discovered the evidence supporting the proposed amendment until after the amendment deadline. *Belcher*, 125 F. Supp. 3d at 549. In assessing good cause, the Court "focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Chambers v. Wake Forest Univ. Baptist Med. Ctr.*, No. 1:19-CV-1229, 2021 WL 7185507, at *1 (M.D.N.C. Nov. 3, 2021) (quoting *Montgomery v. Anne Arundel Cnty, Maryland*, 182 F. App'x 156, 162 (4th Cir. 2006) (finding no good cause where plaintiff presented no explanation for his tardiness in seeking to amend his Title VII complaint by adding a § 1981 claim). There is no good cause when the

3

movant "has not acted diligently in compliance with the schedule." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (internal citation and quotation omitted).

Here, Plaintiffs do not argue that their motion is supported by good cause. In addressing the reason for their tardiness in moving to amend, Plaintiffs do not assert that a recent factual discovery prompted Plaintiffs to seek leave to amend. To the contrary, Plaintiffs state, "The facts as alleged in the original Complaint are sufficient to assert the cause of action under Section 1981 . . . ." (Docket Entry 14 at 3.) Plaintiffs' counsel states that he filed Plaintiffs' motion to amend after the deadline because on October 4, 2021, he became aware of a large verdict in a § 1981 case alleging race-based discrimination in the Northern District of California. (Docket Entry 16 at 2.) Plaintiffs' counsel states, "Upon becoming aware of the [ ] verdict, Counsel consulted the Plaintiffs and began drafting the proposed Amendment to the Complaint and Motion to Amend Complaint" because he believed failure to do so "would be remiss." (*Id.*) Plaintiffs' counsel's ignorance of the law prior to October 4, 2021 does not constitute good cause for leave to amend. *See Olshonsky v. Maryland Nat. Cap. Park & Plan. Comm'n*, 64 F.3d 658 (4th Cir. 1995) (determining ignorance of the law is not good cause). Thus, the Court determines Plaintiffs have failed to satisfy their burden of demonstrating good cause, which precludes the Court from providing Plaintiffs leave to amend.

Since Plaintiffs cannot demonstrate good cause for granting their motion, the Court need not address Rule 15(a)(2). *See Halpern*, 268 F.R.D. at 274 (ending its analysis of whether the plaintiff could amend its complaint after determining that there was a lack of good cause); *see also Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 460 (N.C.M.D. 2003)

4

("[Defendant] has not shown 'good cause' under Rule 16(b), and it is consequently not necessary to consider whether [defendant] can meet the more lenient Rule 15(a) standard.").

Thus, Plaintiffs' motion to amend the Complaint should be denied.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion to Amend Complaint (Docket Entry 14) be **DENIED.**

*[signature]*
Joe L. Webster
United States Magistrate Judge

April 14, 2022
Durham, North Carolina